## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Matthew Plumley (#254981), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15 C 50139 |
| v. | ) | |
| | ) | Judge Frederick J. Kapala |
| | ) | |
| Ogle County, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $25.00 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The Clerk of Court shall send a copy of this order to the trust fund officer at the Ogle County Jail. However, summonses shall not issue at this time. Plaintiff's amended complaint [4] is dismissed without prejudice for failure to state a claim. Plaintiff is granted until September 4, 2015, to submit a second amended complaint if he can do so consistent with this Order. The Clerk is directed to send Plaintiff an amended civil rights complaint form with instructions, a copy of this order, and a blank USM-285 (Marshals service) form. The Court advises Plaintiff that a completed USM-285 form is required for each Defendant. Plaintiff's failure to fully comply with this order will result in dismissal of this matter in its entirety.

## STATEMENT

Plaintiff Matthew Plumley, an inmate at the Ogle County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges deliberate indifference to medical issues. Currently before the Court are Plaintiff's application to proceed *in forma pauperis* and his amended complaint for initial review under 28 U.S.C. § 1915A.

Plaintiff's application for leave to proceed *in forma pauperis* demonstrates he cannot prepay the filing fee and is thus granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $25.00 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219

South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

Plaintiff submitted an amended complaint prior to the Court's review of the initial complaint. A plaintiff is allowed to amend his complaint once as a matter of right. *See* Fed. R. Civ. P. 15(a); *Childress v. Walker*, 787 F. 3d 433, 441 (7th Cir. 2015). Thus, the Court will review Plaintiff's amended complaint. *See Flannery v. Indus. Ass'n of America,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004) ("It is axiomatic that an amended complaint supercedes an original complaint and renders the original complaint void.").

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

Plaintiff attempts to raise four claims related to his medical/dental care at Ogle County Jail. Plaintiff first alleges that he has a noticeable indentation and head swelling on the front top left part of his head. He alleges that when he touches the area it feels numb but he feels a sensation in his ear, throat and teeth. He alleges that during a fitness to stand trial evaluation in April of 2014, a doctor told him that the bald spot on his head was a sign of 'water on the brain.' In December of 2014, Plaintiff was seen by Nurse Cindy Mongan and she told Plaintiff that the symptoms he described were consistent with a brain tumor. Nurse Mongan referred Plaintiff to the doctor and Plaintiff was seen by an unknown doctor later that week. Plaintiff alleges that the doctor told him that there was nothing wrong with him after he shined a flashlight on the top of his head. However, while Plaintiff was leaving the room, he overheard Nurse Mongan and the doctor laugh and state 'yea, I think he is terminal, it's a brain tumor, how do we get away with this?'

During a March of 2015 fitness to stand trial evaluation, Plaintiff's evaluator and his public defender told Plaintiff that his brain needed to be 'scraped surgically for cancer,' but also told Plaintiff that 'this meeting never occurred, don't tell anyone about this.' On April 17, 2015, Plaintiff filed a grievance requesting medical attention for his head condition. Days later, Plaintiff noticed that his food tray had been "medicated" and that the swelling had gone down.

Plaintiff's allegations as to his medical treatment for his head condition fail to state a claim because they are not plausible on their face. *See Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012) (when determining the plausibility of a claim, the court conducts a context-specific review of the allegations drawing on its common sense and judicial experience). Plaintiff's allegations that the nurse and doctor are trying to "get away" with not treating Plaintiff's alleged brain tumor but placing medicine in his food without his permission is not plausible. *See also, Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Edwards v. Snyder*, 478 F.3d 827, 829 (7th Cir. 2007) ("A claim is factually frivolous if its allegations are bizarre, irrational, or incredible.").

Plaintiff also makes a second claim of deliberate indifference related to an alleged failure to treat a venereal disease. Plaintiff' second claim is similarly implausible. He alleges that the unknown doctor performed a medical exam of Plaintiff's genital region and informed Plaintiff that there is no secretion or discharge. However, while Plaintiff was leaving the room, he overheard the doctor tell Nurse Mongan that he had chlamydia. Plaintiff submitted at least two urine samples and again overheard the nurse tell others that Plaintiff's urine sample was positive and that he will require surgery. However, later Nurse Mongan lied to Plaintiff and told him the test results were negative. About a month later, Plaintiff noticed a medicinal taste in his food and shortly thereafter the symptoms of his sexually transmitted disease started to diminish. Plaintiff alleges that he and his cell mates received antibiotics in their food tray several more times. Lastly, he alleges that correctional officers routinely took test swabs of his underwear in the laundry room to "gauge the presence of any diseases." Plaintiff's claims as to the alleged treatment or lack of treatment for his sexually transmitted disease are not plausible.

Plaintiff's third claim alleges that he put in a request to see an optometrist but the unknown doctor and Nurse Mongan have not asked Plaintiff about his eyeglass needs. He alleges that his eyeglasses do not fit his face because they are ten years old. Plaintiff's minimal allegations about requesting to see an optometrist at some unknown time and the fact that the Defendants have not asked Plaintiff about needing glasses fails to state a claim against the unknown doctor or Nurse Mongan. First, Plaintiff has not plead that he suffers from a serious medical need that requires he see an optometrist, instead, it appears Plaintiff seeks an eye exam because he has not had one in ten years. *See Foelker v. Outagamie County*, 394 F.3d 510, 512-13 (7th Cir. 2005) (a serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would know that a doctor's attention was needed). Further, there are no allegations as to who is responsible for any needed eye care and no allegations demonstrating a delay as Plaintiff does not include any indication of when he sought eye care (including when he submitted any alleged requests and grievances). Plaintiff's minimal allegations fail to give sufficient notice to any defendant of the basis of his claim regarding his eye

care. *See Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (to state a legal claim the plaintiff must state his basic legal claim and provide "some indication . . . of time and place").

Similarly, Plaintiff alleges that he has not seen a dentist in over ten years and sometimes his teeth "ache and cause pain." He alleges that he filed requests and grievances to see a dentist to no avail and that Nurse Mongan had inspected his teeth and claims that he has no cavities. These minimal allegations also fail to state a claim against the named Defendants. Again, Plaintiff has not plead that he suffers from a serious medical need as to his teeth, instead, it appears Plaintiff also seeks a dental exam because he has not had one in ten years. *See Foelker*, 394 F.3d at 512-13. It is also unclear whom Plaintiff is attempting to raise this claim against as the only fact alleged as to a named Defendant is that Nurse Mongan looked at his teeth and did not see any cavities. However, there are no allegations as to who is responsible for any needed dental care and no allegations demonstrating a delay as Plaintiff does not include any indication of when he sought dental care (including when he submitted any alleged requests and grievances). The minimal allegations fail to give any named Defendant notice of the claim(s) against him or her and the basis of the claim(s).

Based on the above, Plaintiff's amended complaint is dismissed without prejudice for failure to state a claim. Plaintiff is given leave to submit a second amended complaint if he can do so consistent with the above. Plaintiff must write both the case number and the judge's name on the second amended complaint, sign it, and return it to the Prisoner Correspondent. In addition, Plaintiff must include a completed USM-285 form for each Defendant named in any amended complaint.

Plaintiff is cautioned that an amended pleading supersedes the previous filings and must stand complete on its own. Therefore, all allegations must be set forth in the second amended complaint, without reference to the previous complaints. Any exhibits Plaintiff wants the court to consider in its threshold review of the second amended complaint must be attached.

Date: August 4, 2015